UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**CHARLES JUDD,**

                           **Plaintiff,**

              - v -                        **9:12-CV-58 (NAM/RFT)**

**GUYNUP, Sgt., Clinton Correctional Facility;**
**CAPT. PAUL WOODRUFF, Hearing Officer,**

                          **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

CHARLES JUDD
10-A-3888
Elmira Correctional Facility
P. O. Box 500
Elmira, New York 14902
Plaintiff, *Pro Se*

HON. ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
ADRIENNE J. KERWIN, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action under 42 U.S.C. § 1983. In his amended complaint (Dkt. No. 14), he alleges that defendants violated his right to due process.

      Defendants move (Dkt. No. 19) to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 26) recommending dismissal with leave to replead.

Plaintiff has filed an objection (Dkt. No. 27).  It appears that plaintiff's sole objection concerns Magistrate Judge Treece's calculation of the length of plaintiff's confinement in the special housing unit ("SHU") as between 67 and 76 days.  Because plaintiff does not make clear the beginning and end dates of his SHU confinement,  Magistrate Judge Treece based his calculation on the assumption that plaintiff's SHU confinement began on August 26, 2011, the date of defendant Woodruff's determination finding plaintiff guilty of charges arising from an August 19, 2011 "uprising" at Clinton Correctional Facility and sentencing him to SHU confinement, and ended on October 26, 2011, when Woodruff's determination was reversed (67 days), or, at the latest, on November 9, 2011 when it appears that the charges were dismissed on rehearing (76 days).  In his objection, plaintiff asserts without explanation that he was confined in SHU for 98 days.  Certainly, the SHU confinement could not have begun prior to August 19, 2011, the date of the uprising, and would not have continued beyond the dismissal of the charges on rehearing, which apparently occurred on November 9, 2011, a total of 83 days.  If plaintiff chooses to file a second amended complaint, the Court recommends that he clarify his claim regarding the length of confinement.

It is well established that, "with respect to 'normal' SHU confinement, ... a 101-day confinement does not meet the *Sandin* standard of atypicality" so as to support a due process claim.  *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citation omitted); *see Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Plaintiff's amended complaint does not allege facts supporting a plausible claim that his SHU confinement, which by any calculation was significantly less than 101 days, was an atypical and significant hardship.  Construing this *pro se* civil rights complaint especially liberally, the Court agrees with Magistrate Judge Treece's

dismissal recommendation.

Plaintiff raises no objection to Magistrate Judge Treece's recommendations that his claims against the defendants in their official capacities be dismissed on Eleventh Amendment grounds, and that the claims against Sergeant Guynup be dismissed for failure to allege any personal involvement. The Court finds no error in these recommendations, and accepts them.

Plaintiff is advised that the Court will not contact the correctional facility to ascertain the length of plaintiff's SHU confinement, to obtain evidence of plaintiff's blood pressure, or to obtain any other evidence regarding plaintiff's claims. It is plaintiff's responsibility to inform the Court and defendants of his claims and the facts upon which they are based.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 26) is accepted; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 19) is granted to the extent that the action will be dismissed without further order unless, on or before December 10, 2012, plaintiff serves and files a second amended complaint in accordance with the Report and Recommendation; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

November 9, 2012

Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge